IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,865-01






EX PARTE LAMISHA MARSHALL WILSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 241-0793-12-A IN THE 241ST DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with
intent to deliver a controlled substance in exchange for a twenty-year sentence. She waived her right
to appeal. 

 Applicant contends, among other things, that her trial counsel was ineffective and her plea
involuntary. Applicant was charged by indictment with possession with intent to deliver cocaine in
an amount of one gram or more but less than four grams, in a drug free zone. The offense without
the drug free zone allegation was a second degree felony, with a punishment range of two to twenty
years' imprisonment. Tex. Health & Safety Code § 481.112(c). The effect of the drug free zone
allegation was to increase the minimum punishment by five years, making the applicable punishment
range seven to twenty years' imprisonment. Tex. Health & Safety Code §481.134(c). In
exchange for Applicant's plea of guilty, the State abandoned the drug free zone allegation.

 Applicant's trial counsel has provided an affidavit, in which he states that he and Applicant
discussed the facts of the case and the applicable law before she elected to plead guilty pursuant to
the agreement. However, counsel states that he advised Applicant that the punishment range for the
offense as charged (with the drug free zone allegation) was five to 99 years' or life imprisonment. 
According to counsel, the effect of the State's abandonment of the drug free zone allegation was a
reduction of the punishment range to that of a second degree felony, or two to twenty years'
imprisonment. In fact, the effect of the State's abandonment of the drug free zone allegation was
to reduce the minimum available punishment, and to decrease the amount of time Applicant would
have to serve before becoming eligible for parole. Tex. Gov't Code §508.145(e).

 If Applicant pleaded guilty because she believed that she would be subject to a sentence of
five to 99 years' or life imprisonment if she were convicted at trial, then her plea may not have been
knowingly and voluntarily entered. 

 Applicant has alleged facts that, if true, might entitle her to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial
counsel shall state whether his advice to Applicant regarding the plea agreement would have been
different had he known the correct ranges of punishment for the offense with and without the drug
free zone allegation. In addition, trial counsel shall state whether or not Applicant had any prior final
felony convictions that could have been used to enhance her punishment in this case had she elected
to go to trial on the charges. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant had any prior final felony
convictions which could have been used to enhance her punishment range if she had elected to go
to trial on the charges. The trial court shall make findings of fact and conclusions of law in regard
to Applicant's claim that her plea was involuntary. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 26, 2014

Do not publish